UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| HONG YING ZHENG, | ) | CASE NO. C05-1334-TSZ-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

I.  INTRODUCTION

Petitioner is a native and citizen of China who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became final on April 29, 2005. On July 29, 2005, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the constitutional and statutory authority of ICE to detain him any further due to the unlikelihood of his removal from this country in the reasonably foreseeable future. (Dkt. #1). Petitioner requests that he be ordered released from custody pending his removal from the United States to China. Respondents contend that petitioner is properly and effectively subject to removal and detention pending removal and denies that petitioner is subject

REPORT AND RECOMMENDATION
PAGE -1

to the relief he requests. (Dkt. #8).

## II. BACKGROUND

Petitioner is a native and citizen of China. (Dkt. #1; Dkt. #8, Ex. A, p. 1). Petitioner entered the United States without inspection by an immigration officer on April 12, 1995. On March 4, 1996, he filed an application for asylum with the Vermont Services Center which was referred to an Immigration Judge ("IJ"). On April 23, 1996, petitioner was served with an Order to Show Cause, charging him as deportable pursuant to former section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"), and notifying him that his immigration hearing was scheduled for May 16, 1996. (Dkt. #8, Ex. A, p. 2). On March 5, 1997, the IJ granted petitioner voluntary departure to China until July 30, 1997. Petitioner filed an untimely appeal of the IJ's decision to the Board of Immigration Appeals ("BIA") and the case was returned to the immigration court without further action on March 30, 1998. On July 12, 1999, petitioner filed a motion to reopen with the BIA, which was subsequently denied. Petitioner's removal order became administratively final on March 30, 1998. *Id.*

On March 23, 2005, ICE arrested petitioner in Oregon at a restaurant where he had been working illegally and transported him to the Northwest Detention Center in Tacoma, Washington on March 24, 2005. *Id.*

A.   <u>Removal Efforts</u>

In April 2005, arrangements were made to remove petitioner to China on a charter flight scheduled to depart on April 19, 2005. However, for unknown reasons, the charter flight was cancelled. (Dkt. #8, Ex. A, p. 7). ICE indicates that it subsequently attempted to obtain travel documents from the Chinese Consulate on June 8, 2005, June 27, 2005, July 20, 2005, July 27,

2005, and August 26, 2005, but consulate officials have not responded to its requests. (Dkt. #8, Ex. A, p. 4).

On August 26, 2005, a custody review worksheet was completed and the reviewing officer determined that petitioner should remain in detention. (Dkt. #8, Ex. A, p. 1-8). The worksheet states,

> At this juncture, possibility remains that a travel document can still be secured. Per regulation, ICE/DRO has 180 days to affect removal. Time remains for this office to await word from Chinese officials, as Subject's 180th day of detention is not until September 24, 2005. All factors considered, the reviewer recommends that ZHENG remain in detention at this time, pending accelerated effort to secure a travel document for removal to China. Should, however, this office receive word that the request is denied prior to the aforementioned date, it is recommended that ZHENG be immediately released on an Order of Supervision.

(Dkt. #8, Ex. A, p. 7).

On August 29, 2005, petitioner was served with a notice of ICE's decision regarding his detention. (Dkt. #8, Ex. A, p. 9). The notice stated,

> This decision has been made based on a review of your file and consideration of the information submitted to ICE reviewing officials in support of your application for release. Citizens of China have been removed from the United States and as such, accelerated effort has been made in securing travel documents for your return to that country. An expedited request has been forwarded to consulate officials and as such, this office will maintain regular communication with that office regarding the status of your travel documents.
>
> Control of your custody case will remain with the Seattle Field Office and you will receive another file review on September 21, 2005, regarding your custody status, unless your removal to Hong Kong has been effected prior to that date.

(Dkt. #8, Ex. A, p. 9).

On July 29, 2005, petitioner filed the instant habeas petition. (Dkt. #1). Respondents filed their Return and Status Report and Motion to Dismiss on August 30, 2005. (Dkt. #8). Petitioner

REPORT AND RECOMMENDATION
PAGE -3

filed a response on September 8, 2005. (Dkt. #9). Respondents did not file a reply. The briefing is now complete and the habeas petition is ready for review.

### III.  DISCUSSION

The post-removal-detention statute, INA § 241(a), 8 U.S.C. § 1231(a), provides for the mandatory detention of aliens awaiting removal from the United States for an initial period of three months. This three months may be followed by an additional three months discretionary detention during which detention remains presumptively valid. *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).

In *Zadvydas*, the Supreme Court explained that after this six-month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nonetheless, the six month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id.* Then the burden shifts to respondents to produce evidence which could rebut petitioner's showing. *Id.*

In this case, petitioner has been in ICE custody following a final order of removal since March 24, 2005. Thus, petitioner's six-month presumptively reasonable removal period expired on or about September 24, 2005. Respondents contend that petitioner's continued detention beyond the six-month presumptive period is lawful because ICE had arranged to remove petitioner to China earlier in the year, and its efforts to secure travel documents in the reasonably foreseeable

REPORT AND RECOMMENDATION
PAGE -4

future is likely. (Dkt. #8 at 3-4). Respondents also infer that petitioner has not cooperated in obtaining travel documents. (Dkt. #8 at 3).

Petitioner challenges respondents' claim that he will likely be removed in the reasonably foreseeable future, contending that there is no indication when, if ever, China may issue travel documents. (Dkt. #9 at 1). Petitioner also asserts that he has cooperated with ICE to the full extent of his ability. *Id.* at 3. Petitioner argues that his ongoing detention violates the statute and his constitutional right to due process. (Dkt. #1 at 4-5).

Contrary to respondents contention, petitioner has shown that he has cooperated with the ICE but has not yet received travel documents. Petitioner has not shown, however, sufficient evidence that such travel documents will not be forthcoming in the reasonably foreseeable future. China is a country that does accept repatriation of its citizens, ICE had arranged to remove petitioner earlier in the year, and efforts are actively underway to secure the necessary travel documents from Chinese authorities. Based on the record, there is no indication that ICE will not be able to effectuate petitioner's removal to China. Accordingly, the Court finds that there is a reasonable likelihood that petitioner will be removed in the reasonably foreseeable future.

However, as this Court previously determined in *Lun v. INS*, Case No. C02-0937L (W.D. Wash. Dec. 4, 2002), "[t]his conclusion does not end the analysis." *Id.* at 4. Rather, the Court must also ask whether the continued detention comports with the basic purposes of the statute, "namely, assuring the alien's presence at the moment of removal and protecting the community." *Id.* "Thus, even where removal is reasonably foreseeable, the habeas court should consider the alien's flight risk and the risk he poses to the community to determine whether confinement during the reasonable removal period is justified." *Id.* (citing *Zadvydas*, 121 S. Ct. at 2499).

REPORT AND RECOMMENDATION
PAGE -5

Here, ICE's only apparent justification for continuing to detain petitioner is its belief that petitioner will be removed in the reasonably foreseeable future. However, like Lun, ICE has already determined that petitioner is neither a flight risk nor a danger to the community. (Dkt. #8, Ex. A, p. 6). Accordingly, petitioner's continued detention would not further the basic purposes of the statute and, therefore, is not justified.

## IV. CONCLUSION

For the foregoing reasons, the Court should GRANT petitioner's Petition for Writ of Habeas Corpus and should order petitioner released from ICE custody. A proposed order accompanies this Report and Recommendation.

DATED this  2nd  day of  November , 2005.

_/s/ Mary Alice Theiler_
Mary Alice Theiler
United States Magistrate Judge